The document below is hereby signed.

Signed: June 25, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STUART MILLS DAVENPORT, | ) | Case No. 15-00540 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE
ATTORNEY'S FEES IN THE DISTRICT COURT

The creditors Babak Djourabchi and Monica Welt have filed a *Motion to Supplement Record in Opposition to Motion to Modify Plan and for Allowance of Fees* (Dkt. No. 227), wherein they contend that they have been a prevailing party in the District Court case, because the District Court has dismissed several counts of the debtor's Complaint.  However, it is still premature to make a ruling on whether Djourabchi and Welt are entitled to attorney's fees in the District Court case.  For the reasons set forth below, the court will defer ruling on the issue of attorney's fees in the District Court case until the District Court case has concluded.

The court held in the *Memorandum Decision and Order re Motions in Limine* (Dkt. No. 168), that the right to attorney's

fees in the District Court case are dependent upon whether Djourabchi and Welt are successful in showing that they had a right to foreclose.  There was confusion as to what the court meant when it said that attorney's fees were dependent upon the prevailing party.  This memorandum decision will briefly clarify the court's holding in the *Memorandum Decision and Order re Motions in Limine.*

Under § 9 of the *Deed of Trust*, Djourabchi and Welt are entitled to attorney's fees where (1) the debtor fails to perform under the agreement; (2) "there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations)"; or (3) the debtor abandons the Property.  Nowhere in the *Note* or the *Deed of Trust* are attorney's fees dependent upon Djourabchi and Welt prevailing in a proceeding.

The court in its *Memorandum Decision and Order re Motions in Limine*, recognized that Djourabchi and Welt are only entitled to attorney's fees if "there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument."  The court reasoned that if Djourabchi and Welt did not prevail in the District Court,

then the District Court would have found that Djourabchi and Welt did not have the right to foreclose on the debtor, and the action would not "significantly affect [their] interest" because they would not have had an interest to be affected.  The court also recognized that awarding attorney's fees under these circumstances would go against public policy.  The court was not establishing a rule that placed prevailing on some preliminary issue in the action as a an adequate basis for an award of attorney's fees.

Accordingly, if the District Court finds that Djourabchi and Welt were protecting an interest, they would be entitled to attorney's fees for protecting that interest.  If, however, the District Court finds that Djourabchi and Welt had no interest to protect, they would not be entitled to attorney's fees.

The District Court case is still pending.  While some counts have been dismissed, those counts have not been dismissed with prejudice, and, as noted above, prevailing on those counts does not, in and of itself, grant Djourabchi and Welt a right to attorney's fees.  Accordingly, it is premature at this time to decide the issue of attorney's fees, insofar as it relates to the District Court case.

It is thus

ORDERED that the *Motion to Supplement Record in Opposition to Motion to Modify Plan and for Allowance of Fees* (Dkt. No. 225)

is DENIED without prejudice to Djourabchi and Welt applying for any attorney's fees to which they may be entitled upon the conclusion of the District Court case.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.